UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KURT BENSHOOF,<br><br>               Plaintiff,<br><br>   v.<br><br>DAVID S. KEENAN,<br><br>              Defendant. | Case No. C24-382 JNW<br><br>REPORT AND RECOMMENDATION |

This matter is before the Court on referral of Plaintiff's applications to proceed *in forma pauperis* ("IFP") in the above-entitled action. Currently pending are Plaintiff's amended (dkt. # 6) and second amended (dkt. # 13) IFP applications and his "Motion for an Order of Indigency" (dkt. # 11).

Plaintiff initially filed an IFP application dated March 15, 2024. (Dkt. # 1.) Based on inconsistent and missing information indicating Plaintiff received no income and had $455 in cash and accounts but paid monthly expenses of $1,630, the Court ordered Plaintiff to show cause by March 29, 2024, why IFP should not be denied. (Dkt. # 4.) On April 2, 2024, having received no response, this Court issued a Report and Recommendation recommending IFP be denied. (Dkt. # 5.) On April 9, 2024, Plaintiff filed objections to the report and recommendation.

REPORT AND RECOMMENDATION - 1

(Dkt. # 10.) The Report and Recommendation and Plaintiff's objections thereto are pending before the Honorable Jamal N. Whitehead.

In a mailing received by the Court on April 1, 2024, and posted to the docket April 2, 2024, Plaintiff provided a copy of the same IFP application dated March 15, 2024, styled as an "amended" IFP application. (Dkt. # 6.) The Court recommends this application be denied for the same reasons as the original application. (*See* dkt. ## 1, 4-5.)

Plaintiff has now filed a second amended IFP application, dated April 6, 2024. (Dkt. # 13.) As in the original application, Plaintiff indicates he has not been employed since 2012 and has received no money from any source for the past twelve months. (*Id.* at 1.) He lists monthly expenses totaling $1,950 and states he has $300 in cash and $55 in checking and savings accounts. (*Id.* at 2.) Plaintiff also states he owns a vehicle worth $23,000. (*Id.*) Asked to provide any other information explaining why he cannot pay court fees and costs, Plaintiff states he "cannot work to receive income, and all [his] time is devoted to litigation and rescuing [his] son." (*Id.*) As in the original application, the second amended application lacks information necessary for the Court to determine Plaintiff's ability to pay. Plaintiff does not, for example, inform the Court how he pays for his monthly expenses. The Court recommends this application be denied for the same reasons as the original application.

On April 9, 2024, Plaintiff filed a "Motion for an Order of Indigency." (Dkt. # 11.) Plaintiff contends he is not a prisoner and thus 28 U.S.C. § 1915 does not apply to him. (*Id.* at 1.) Yet Plaintiff identifies no other authority for waiving the filing fee. "28 U.S.C. § 1915(a)(1) allows the district court to waive the [filing] fee, for most individuals unable to afford it, by granting IFP status." *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). "All persons, not just prisoners, may seek IFP status" under § 1915, although prisoners face greater

restrictions. *Moore v. Maricopa Cnty. Sheriff's Off.*, 657 F.3d 890, 892 (9th Cir. 2011); *see also Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (explaining the statute applies to all persons notwithstanding its "prisoner possesses" language and collecting cases so holding). Section 1915 applies to Plaintiff's IFP applications.

Plaintiff next argues it is "clear from the facts in evidence" that he cannot afford the filing fee because Seattle has a high cost of living.[1] (Dkt. # 11 at 2.) Nevertheless, Plaintiff appears to be able to reside in the Seattle area, but his motion and IFP applications omit the amount of money he receives in order to do so. Plaintiff argues his source of income "is not anyone's business but Plaintiff's."[2] (*Id.* at 3.) The IFP application asks only for amount received, not the source. (*See* dkt. # 13 at 1.)

In short, Plaintiff continues to fail to supply information necessary for the Court to determine his ability to pay the filing fee. Accordingly, the Court RECOMMENDS that Plaintiff's IFP applications (dkt. ## 6, 13) and motion for order of indigency (dkt. # 11) be DENIED and Plaintiff be directed to pay the filing fee. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed

---

[1] Plaintiff additionally alleges "public money" has been spent persecuting him, but this does not relate to how he affords his current monthly expenses. (Dkt. # 11 at 3.)

[2] Plaintiff argues that if he were to "barter" illegal services for money, "bartering is not 'income'" according to tax laws. (Dkt. # 11 at 4.) The IFP application requires Plaintiff to report money received, regardless of whether it is received in exchange for services.

REPORT AND RECOMMENDATION - 3

1  within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter
2  will be ready for consideration by the District Judge on **May 10, 2024**.
3      The Clerk is directed to send copies of this Report and Recommendation to Plaintiff and
4  to the Honorable Jamal N. Whitehead.
5      Dated this 15th day of April, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4