UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KURT BENSHOOF, | CASE NO. 2:24-cv-382 |
| Plaintiff, | ORDER |
| v. | |
| DAVID KEENAN, | |
| Defendant. | |

## 1. INTRODUCTION

Before the Court are the Report and Recommendations (R&R) of the Honorable Michelle Peterson, United States Magistrate Judge, on Plaintiff Kurt Benshoof's multiple in forma pauperis (IFP) applications. Having reviewed the R&Rs, Benshoof's objections, and the remaining record, the Court declines to adopt the R&Rs and GRANTS Benshoof leave to proceed IFP in this matter.

## 2. BACKGROUND

Benshoof has a history of seeking leave to proceed IFP across the many cases he's filed in this District. He received leave to proceed IFP in the case *Benshoof et al. v. Admon et al.*, No. 23-cv-1392 (W.D. Wash. 2023). At first, Judge Peterson

**ORDER** - 1

ordered Benshoof to show cause why the Court should not deny him IFP given that his application failed to "inform the Court how he pays for his monthly expenses [and] how he has acquired thousands of dollars in cash" despite receiving no money from any source for the preceding 12 months. *Benshoof et al. v. Admon et al.*, No. 23-cv-1392, Dkt. No. 4 (W.D. Wash. Sep. 8, 2023). Benshoof responded, explaining that "although he has no income, he pays for monthly expenses from his 'personal lifetime savings.'" *Benshoof et al. v. Admon et al.*, No. 23-cv-1392, Dkt. No. 8 (W.D. Wash. Sep. 19, 2023). Judge Peterson found that Benshoof did "not appear to have funds available to afford the $402.00 filing fee" and granted IFP. *Id.*

Benshoof received leave to proceed IFP yet again in a subsequent case, *Benshoof et al. v. City of Shoreline et al.*, No. 2:24-cv-343, Dkt. No. 13 (W.D. Wash. Apr. 30, 2024). After Benshoof initially applied for IFP status, the Honorable S. Kate Vaughan, United States Magistrate Judge, ordered Benshoof to show cause why his application should not be denied for inconsistencies between his stated expenses and lack of income. *Benshoof et al. v. City of Shoreline et al.*, No. 2:24-cv-343, Dkt. No. 11 (W.D. Wash. Apr. 12, 2024). Benshoof responded that he pays for some monthly expenses with credit cards and "also barters with members of his church to cover the rest of his monthly expenses." *Benshoof et al. v. City of Shoreline et al.*, No. 2:24-cv-343, Dkt. No. 12 (W.D. Wash. Apr. 25, 2024). Judge Vaughan granted Benshoof IFP on April 30, 2024, finding that he "does not appear to have funds available to afford the $405 filing fee[.]" *Benshoof et al. v. City of Shoreline et al.*, No. 2:24-cv-343, Dkt. No. 13 (W.D. Wash. Apr. 30, 2024). The defendants in the case moved to revoke Benshoof's IFP status, and the Honorable Tana Lin, United

**ORDER** - 2

States District Judge denied their motion and upheld IFP. *Benshoof et al. v. City of Shoreline et al.*, No. 2:24-cv-343, Dkt. Nos. 29, 52 (W.D. Wash. June 10, 2024).

Here, the Court faces a similar set of facts in considering Benshoof's latest IFP application. After Benshoof filed his initial IFP application, Judge Peterson issued an order to show cause based on "inconsistent and missing information indicating [Benshoof] received no income and had $455 in cash and accounts but paid monthly expresses of $1,630[.]" Dkt. No. 4. Benshoof filed an "Amended Motion for Leave to Proceed In Forma Pauperis" but included exactly the same information as his initial filing. Dkt. No. 6. Accordingly, Judge Peterson recommended the Court deny IFP status and order Benshoof to pay the filing fee. Dkt. No. 5. Benshoof objected, arguing that "[i]t is clear from the facts in evidence that Plaintiff will be unable to seek redress of his grievances if this Court does not grant [Benshoof] [IFP] to cover the filing fee[.]" Dkt. No. 10. He states he could not "even obtain a $500 *secured* credit card from his credit union because of [his] lack of current employment." *Id.* (emphasis in original).

Benshoof then filed a Second Amended Motion for Leave to Proceed In Forma Pauperis, which included substantially the same information as his first two filings. Dkt. No. 13. He also submitted a filing styled as, "Motion for Order of Indigency." Dkt. No. 11. Because Benshoof continued to omit the amount of money he receives in order to afford residing in the Seattle area, Judge Peterson issued a second R&R recommending that the Court deny leave to proceed IFP and order Benshoof to pay the filing fee. Dkt. No. 14.

Benshoof objected again. Dkt. No. 15. He states that he pays for "some of his monthly expenses with credit cards" and "also barters with members of his church to cover the rest of his monthly expenses." *Id.* But he does not possess records or documentation of bartering, so he has not provided this information to the Court. *Id.*

### 3.  DISCUSSION

A district judge must determine de novo any part of a magistrate judge's proposed disposition to which a party has properly objected. Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

Because Benshoof's objection provides additional information about money he receives and the sources from which he pays his monthly expenses, i.e., through credit cards and bartering services with members of his church, the Court declines to adopt the R&Rs. The Court finds that Benshoof does not appear to have the funds available to pay the $405 filing fee and grants him leave to proceed IFP.

### 4.  CONCLUSION

The Court declines to adopt the R&Rs, Dkt. Nos. 5 and 14, and GRANTS Benshoof leave to proceed IFP.

Dated this 30th day of July.

Jamal N. Whitehead
United States District Judge

ORDER - 4