UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KURT A. BENSHOOF,<br><br>            Plaintiff,<br><br>     v.<br><br>DAVID S. KEENAN,<br><br>            Defendant. | Case No.  2:24-cv-00382-JNW<br><br>COMPLAINT FOR DAMAGES<br><br>DEMAND FOR TRIAL BY JURY |

## I.     INTRODUCTION

COMES NOW Kurt Benshoof ("Plaintiff") seeking redress for the violations of his freedom of speech and expression by David S. Keenan ("Defendant").

As a concerned and devoted father, Plaintiff has consistently spoken his mind whenever it appeared that the best interests of his minor son, A.R.W., were subordinated to the mercurial whims and retaliatory acts of corrupt public officials. As a King County Superior Court judge, Defendant has consistently shown a flagrant disregard for the First Amendment prohibitions against violating Plaintiff's rights.

COMPLAINT FOR DAMAGES
DEMAND FOR JURY TRIAL
   Page 1 of 8

Kurt Benshoof, Co-Plaintiff
1716 N 128th Street
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

Beginning in the Fall 2021, Defendant allowed, enabled, and facilitated family law attorney Nathan L. Cliber to suborn the perjury of Jessica R. Owen. Defendant acted as an accessory after-the-fact to the kidnapping of A.R.W. by Ms. Owen and her fellow prostitute, Magalie E. Lerman. When Plaintiff raised valid concerns in his posts to Defendant's Twitter and Facebook accounts, Defendant blocked Plaintiff. Defendant maintains his Twitter and Facebook accounts in order to communicate with members of the public about his activities as a King County Superior Court judge and activities related to judicial conferences, both locally and internationally. Defendant repeatedly blocked Plaintiff in retaliation for Plaintiff's criticism of Defendant, and to prevent Plaintiff from publicizing his valid concerns in the future.

## II.    JURISDICTION AND VENUE

1. Pursuant to 28 U.S.C. § 1331 this Court has federal question jurisdiction.

2. Pursuant to 28 U.S.C. § 1391 venue is proper in the Western District of Washington because all claims arise out of King County, Washington.

3. Pursuant to 42 USC §1983 this Court has jurisdiction.

## III.    PARTIES

4. Plaintiff Kurt A. Benshoof ("Plaintiff") is a citizen of Washington and at all times material to this lawsuit Plaintiff lived in Seattle, Washington.

5. Defendant David S. Keenan ("Defendant"), sued in his official and individual capacity, works as a King County Superior Court judge, and has lived at all times material to this lawsuit in King County, Washington.

COMPLAINT FOR DAMAGES
DEMAND FOR JURY TRIAL
Page 2 of 8

Kurt Benshoof, Co-Plaintiff
1716 N 128th Street
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

## IV. VERIFIED STATEMENT OF FACTS

6. Plaintiff avers the following statements upon his information and belief and is prepared to testify to their veracity under oath in a court of law.

### A. BACKGROUND

7. Jessica R. Owen and her prostitute girlfriend, Magalie E. Lerman, kidnapped Plaintiff's minor son, A.R.W., on September 3, 2021.

8. In October 2022, Defendant allowed, enabled, and facilitated family law attorney Nathan L. Cliber's subornation of Jessica R. Owen's perjury in King County Superior Court case no. 21-5-00680-6 SEA.

9. On January 26, 2023, King County Superior Court Judge Marshall Ferguson conspired with attorneys for Nathan L. Cliber, Jessica Owen, and Magalie Lerman.

10. Marshall Ferguson initiated *ex parte* communication with attorneys Moshe Admon, Kyle Rekofke, and Blair Russ, giving them legal advice, making it clear that Marshall Ferguson would aid and abet the fraudulent issuance of an Order Restricting Abusive Litigation by Kurt Benshoof.

### B. SOCIAL MEDIA RETALIATORY CENSORSHIP

11. Denied any fair or impartial hearing in King County Superior Court, Plaintiff took to social media with his questions and concerns.

COMPLAINT FOR DAMAGES
DEMAND FOR JURY TRIAL
Page 3 of 8

Kurt Benshoof, Co-Plaintiff
1716 N 128th Street
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

12.     In January 2023, Plaintiff posed questions to Defendant on Defendant's Twitter account: @JudgeDaveKeenan.  Defendant's Twitter account shows him in black robes with a picture of a courthouse in the background.

13.     On, or around, February 10, 2023, Defendant blocked Plaintiff's Twitter account @SeraphDeMortego after Plaintiff posted questions and comments which were critical of Defendant's judicial misconduct.

14.     On February 11, 2023, Plaintiff emailed Defendant's bailiff, Beatrice Marquez, to Keenan.Court@kingcounty.gov.  Plaintiff informed Defendant that blocking Plaintiff on Twitter was a First Amendment violation pursuant to the holding of *Davison v. Randall*, No. 17-2002 (4th Cir. 2019) Plaintiff's questions were ignored. (*See* Appendix A pg. 2)

15.     Plaintiff then attempted to ask questions and comment on Defendant's FaceBook page. Defendant's FaceBook page shows Defendant in black robes as "Judge David Keenan" and states that "David Keenan is a King County Superior Court Judge" in Department 26.  (*See* Appendix A pg. 3)

16.     In, or around, April 2023, Defendant blocked Plaintiff from Defendant's FaceBook page after Plaintiff posted questions and comments which were critical of Defendant's judicial misconduct.  Since then, Plaintiff has not been able to even view Defendant's FaceBook page.

17.     In June 2023, Plaintiff created a new Twitter account: @Altar_Igor. Plaintiff began posting questions and comments to Defendant's Twitter account.

COMPLAINT FOR DAMAGES
DEMAND FOR JURY TRIAL
Page 4 of 8

Kurt Benshoof, Co-Plaintiff
1716 N 128th Street
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

18. In, or around, October 2023, Defendant blocked Plaintiff's @Altar_Igor Twitter account after Plaintiff posted questions and comments which were critical of Defendant's judicial misconduct. (*See* Appendix A pg. 4) Since then, Plaintiff has been unable to even view Defendant's Twitter page.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
VIOLATION OF FIRST AMENDMENT

**Free Speech and Expression Retaliation**
42 U.S.C. § 1983

19. Plaintiff repeats and realleges each of the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

20. Through the equal protection clause of the Fourteenth Amendment, Defendant was prohibited from violating the First Amendment prohibitions against restricting or denying Plaintiff's right to freedom of speech and expression without retaliation.

21. For the purposes of Plaintiff's claims under 42 U.S.C. § 1983, Defendant is a state actor, and the free speech retaliation by Defendant bears striking similarities to that which parents Christopher and Kimberly Garnier pleaded before the United State Supreme Court, on appeal by public official Michelle O'Connor-Ratcliff.

22. The Ninth Circuit "held that §1983's state-action requirement was satisfied because there was a "close nexus between the Trustees' use of their social

COMPLAINT FOR DAMAGES
DEMAND FOR JURY TRIAL
Page 5 of 8

Kurt Benshoof, Co-Plaintiff
1716 N 128th Street
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

media pages and their official positions." 41 F. 4th 1158, 1170 (2022). The court cited its own state-action precedent, which holds that an off-duty state employee acts under color of law if she (1) "purports to or pretends to act under color of law"; (2) her "pretense of acting in the performance of [her] duties had the purpose and effect of influencing the behavior of others"; and (3) the "harm inflicted on plaintiff related in some meaningful way either to the officer's governmental status or to the performance of [her] duties." *O'Connor-Ratcliff v. Garnier,* U.S. No. 22-234 (March 15, 2024)

23. By punishing or threatening to punish Plaintiff's class for expressing views regarding his beliefs, discrimination, corruption, and civil rights, Defendant retaliated against Plaintiff for exercising his First Amendment rights.

24. When Plaintiff expressed his views, he was speaking on a matter of public concern, engaging in speech related to equitable justice, upholding the law, suborning perjury, constitutional rights, discrimination, diversity, equity, and inclusivity, and engaging in expression which the First Amendment protects.

25. Plaintiff's interest in expressing matters of public concern regarding equitable justice, upholding the law, suborning perjury, constitutional rights, discrimination, judicial integrity, and civil rights, outweighed Defendant's interest in the administration and provision of services to the public.

26. Plaintiff's expression on matters of public concern never prevented Defendant from the efficient administration or provision of services to the public.

COMPLAINT FOR DAMAGES
DEMAND FOR JURY TRIAL
Page 6 of 8

Kurt Benshoof, Co-Plaintiff
1716 N 128th Street
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

27. Defendant's censorship of Plaintiff, and the threatened future censorship of Plaintiff, would deter a person of ordinary firmness from exercising his right to free speech and expression in the future.

28. The conduct of Defendant was not objectively reasonable.

29. Defendant's censorship subjected Plaintiff to punishment, and threatened to do so again in the future, due to the content and viewpoint of Plaintiff's speech.

30. When an individual, acting under the assumed authority of a State, as one of its officers, and under color of its laws, comes into conflict with the superior authority of a valid law of the United States, he is stripped of his representative character, and subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States.

31. As a direct, proximate, and foreseeable result of Defendant's acts, Plaintiff has suffered cruel and inhumane conditions and treatment, and continues to suffer from such cruel and inhumane acts, irreparable harm and damages for which he is entitled to recover.

## VI.     RELIEF REQUESTED

*WHEREFORE*, Plaintiff demands judgment as follows:

A. An order declaring that all of Defendants' acts or omissions, described herein, violated the First Amendment to the United States Constitution;

COMPLAINT FOR DAMAGES
DEMAND FOR JURY TRIAL
Page 7 of 8

Kurt Benshoof, Co-Plaintiff
1716 N 128th Street
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

B. Compensatory damages against Defendant David S. Keenan in an amount to be determined at trial;

C. Punitive damages against Defendant David S. Keenan in an amount to be determined at trial;

D. Reasonable costs and fees, including fees in accordance with RCW 4.84; 28 U.S.C. § 1927; 28 U.S.C. § 2412(d)(1)(A); Fed.R.Civ.P. 11(1); Fed.R.Civ.P. 54(d); and any other applicable law.

E. Pre- and post-judgment interest as allowed by law;

F. Any other relief this Court deems just and proper.

## VII. DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury pursuant to the Seventh Amendment to the United States Constitution and pursuant to Federal Rule of Civil Procedure 38(b).

## VERIFICATION

Plaintiff Kurt Benshoof does hereby declare that the foregoing is true and correct to the best of his knowledge under penalty of perjury in the State of Washington. Executed this 15th day of March in the year 2024, in the city of Seattle, in the county of King, in the state of Washington.

By: *[signature]*
Kurt A. Benshoof *Pro Se*

1716 N 128th Street
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

COMPLAINT FOR DAMAGES
DEMAND FOR JURY TRIAL
Page 8 of 8

Kurt Benshoof, Co-Plaintiff
1716 N 128th Street
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

# Appendix A

1

## ACLU Facebook ruling—-Davison—-4th Circuit

**kurt benshoof** <kurtbenshoof@gmail.com>  Sat, Feb 11, 2023, 9:03 AM
to Keenan, bcc: Eric.beseler, bcc: Paul, bcc: robert, bcc: faiz.pirani, bcc: LLC

Good Morning,

Judge Keenan blocked me on his Twitter account, which pursuant to the 4th Circuit's ruling in Davison, was a violation of my First Amendment rights, as Judge Keenan uses his public Twitter account in his official capacity.

What is Judge Keenan's position on this? Judge Keenan does not appear to respect my First Amendment rights, which is of public concern to everyone.

In Truth & Spirit,
Reverend Kurt Benshoof

https://www.aclu.org/wp-content/uploads/legal-documents/davison_fourth_circuit.pdf

--
"It's amazing how much panic one honest man can spread among a multitude of hypocrites."

---Thomas Sowell

One attachment • Scanned by Gmail

[PDF] davison_fourth_c...

2






4