UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KURT BENSHOOF,<br><br>                Plaintiff,<br>   v.<br><br>DAVID S. KEENAN<br><br>                Defendant. | CASE NO. 2:24-cv-00382-JNW<br><br>ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 16) |

     This matter comes before the Court on Judge Whitehead's denial (Dkt. No. 18) of Plaintiff's motion to disqualify. (Dkt. No. 16.) Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Whitehead's decision not to recuse.

     Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal

bias or prejudice against a party.  28 U.S.C. § 455(a), (b)(1).  Such bias or prejudice must derive from an extrajudicial source.  *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).  Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).  This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

Plaintiff questions Judge Whitehead's impartiality and seeks his recusal based on Plaintiff's decision to file another lawsuit, *Benshoof v. Ferguson et al*, No. 2:24-cv-00808-JHC (W.D. Wash. 2024), in which he named Judge Whitehead as a defendant.  Plaintiff argues "[i]t is axiomatic that Whitehead cannot simultaneously be a defendant in WAWD No. 2:24-cv-00808-LK while remaining impartial to adjudicate WAWD No. 2:24-cv-00382-JNW." (Dkt. No. 16 at 3.)  Plaintiff also asserts that because *Benshoof v. Ferguson et al* involves Judge Whitehead's allegedly "conspir[ing] with individuals working in the U.S. District Court Office of the Clerk to deny Benshoof the issuance of summons" and allegedly "refus[ing]" to adjudicate Plaintiff's Fifth and Sixth Motions for a Temporary Restraining Order, Judge Whitehead has an interest that could be substantially impacted by the outcome of the litigation. (*Id*. at 2–4.)  Judge Whitehead has since ruled on both Motions for a Temporary Restraining Order.  *Benshoof v. Admon et al*, No. 2:23-cv-01392-JNW, Dkt. No. 244 (W.D. Wash. 2024) (motions denied with prejudice).

This is the third time that Plaintiff has requested that Judge Whitehead recuse himself and the third time that this Court upholds Judge Whitehead's denial of Plaintiff's motion for recusal.

Indeed, this Court recently rejected Plaintiff's motions in Case Number 2:23-cv-01392-JNW and Case Number 2:23-cv-01829-JNW. This motion fails for the same reasons that the two prior motions failed.

Under Canon 3C(1)(d)(i) of the Code of Conduct for United States Judges, if a litigant with a case pending before a judge responds to an adverse ruling by initiating a complaint against the judge, that judge is "not automatically disqualified from participating in other, unrelated cases involving the same litigant, whether they are filed before or after the complaint in which the judge is a defendant." Committee on Codes of Conduct Advisory Opinion No. 103: Disqualification Based on Harassing Claims Against Judge (June 2009). "A complaint filed against a judge that is subject to prompt dismissal on judicial immunity grounds will not ordinarily give rise to a reasonable basis to question the judge's impartiality in unrelated cases filed against others by the same litigant." *Id.*

Plaintiff's claims against Judge Whitehead fall squarely within the scope of absolute judicial immunity. "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). Plaintiff's allegations focus on Judge Whitehead's not issuing summonses for Plaintiff's amended counterclaims pending judicial review—actions that fall within his official capacities as a judge. *Id*. at 1075 (functions "normally performed by a judge" in his "judicial capacity" are judicial and entitled to absolute immunity). Therefore, because Judge Whitehead's decision concerning ruling on summonses is entitled to absolute immunity, Judge Whitehead's status as a Defendant does not serve as a basis for his impartiality. This is an instance in which "a nonmeritorious complaint, standing alone, will not lead reasonable minds to conclude that the judge is biased against the litigant or that the judge's

impartiality can reasonably be questioned, and thus will not require the judge to recuse." Committee on Codes of Conduct Advisory Opinion No. 103: Disqualification Based on Harassing Claims Against Judge (June 2009).

Accordingly, the Court AFFIRMS Judge Whitehead's denial (Dkt. No. 18) of Plaintiff's motion to disqualify. (Dkt. No. 16.)

Dated this 8th day of August, 2024.

David G. Estudillo
United States District Judge