Hon. Jamal Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KURT BENSHOOF,<br>    Plaintiff,<br>v.<br>DAVID S. KEENAN<br>    Defendants. | No.: 2:24-cv-00382-JNW<br>**PLAINTIFF'S REPLY to DEFENDANT KEENAN'S RESPONSE IN OPPOSITION TO MOTION FOR "JURISDICTIONAL DISCOVERY"**<br><br>**Noted for Oral Hearing:**<br>**November 22, 2024** |

Plaintiff's reply to Defendant David S. Keenan ("Keenan") response in opposition to Plaintiff's motion for "JURISDICTIONAL DISCOVERY" (Dkt. 34).

*Motion For "Jurisdictional Discovery"*

On November 1, 2024, Plaintiff filed "MOTION for Discovery *PLAINTIFFS REPLY DEFENDANTS OPPOSITION TO PLAINTIFF EMERGENCY REQUEST FOR STAY and MOTION FOR JURISDICTIONAL DISCOVERY UNDER FRCP 26(b)(1) Note for Motion Calendar Oral Hearing: November 15, 2024,*" (Dkt. 33)

*Defendant's Opposition to "Jurisdictional Discovery"*

On November 6, 2024, Defendant Keenan filed "RESPONSE, by Defendant David S. Keenan, to 33 MOTION for Discovery *PLAINTIFFS REPLY DEFENDANTS OPPOSITION TO PLAINTIFF EMERGENCY REQUEST FOR STAY and MOTION FOR*

*JURISDICTIONAL DISCOVERY UNDER FRCP 26(b)(1) Note for Motion Calendar Oral Hearing: November 15, 2024."* (Dkt. 34)

## I.   RELAVANT BACKGROUND

In July 3, 2024, Plaintiff was detained with excessive bail amounts of about $750,000.00 pending trial. During Plaintiff's detention, Plaintiff has been denied access to paper, writing instruments, envelopes, internet access and email.

### Retaliation by King County/City of Seattle agents

Upon information and belief, Plaintiff's access to the jail's sparse law library **is currently** suspended indefinitely as of November 9, 2024, including continued obstruction to access paper, writing instruments, envelopes, internet access, email, and post mail, when Plaintiff was transferred to the 11th Floor, "affectionately" known as the "hole" as a punishment for reporting federal felony crimes perpetrated against Plaintiff and his minor son. Plaintiff, who has never committed or been convicted of any violent acts, remains in custody on the 11th floor of the King County Jail. The 11th floor is generally reserved for the worst of the worst and is commonly referred to as Ultra High Security.

### Issuance Of A Summons

Plaintiff has not been able to request issuance of a summons pursuant to FRCP 4(b), due to King County/City of Seattle agents' violation of Plaintiff's due process right to access court for redress of grievance(s) under the First Amendment, Petitions Clause, as pro se Plaintiff. The King County/City of Seattle agents' are holding Plaintiff incommunicado, as stated above.

### Threats to Plaintiff's Life

In addition, Plaintiff's life has been threatened - which requires daily "proof of life" calls to friends, to assistance of counsels[1] - and the jail has been obstructing Plaintiff's

---

[1] "The Judiciary Act; September 24, 1789, 1 Stat. 73. An Act to Establish the Judicial Courts of the United States." "APPROVED , September 24, 1789."
https://avalon.law.yale.edu/18th_century/judiciary_act.asp

ability to send or receive legal mail.

### Stay Pending Release on Bail

Plaintiff has moved to stay this matter **until such time as Plaintiff is released from jail** (Dkt. 28). On October 2, 2024, Plaintiff filed a new emergency motion to stay (Dkt. 30) this proceeding until King County/City of Seattle agents ceased to obstruct Plaintiff's right to access and petition the Court. The fact that King County Defendant Keenan construed Plaintiff's emergency stay motion as one of an *indefinite* stay, is evidence that King County agents intend to *indefinitely* obstruct Plaintiff's access to the Court. Defendant Keenan has opposed the stay, in violation of Plaintiff's right to due process. (Dkts. 17, 25, 27, 28, 29, 32)

### Bail Bond Paid and Posted - YET Plaintiff is Still Held Captive

As of the date of this filing, Plaintiff has paid and posted bail bond and yet the King County/City of Seattle agents are refusing to process his release in blatant violation of Plaintiffs rights protected under state and federal constitutions.

## II. ARGUMENT AND AUTHORITY

### Defendant Keenan's supporting caselaw not applicable

Defendant is quoting Rev. Code of Wash. § 2.48.180 [2] - none of its provisions are applicable to Urve Maggitti.

---

[2] https://app.leg.wa.gov/rcw/default.aspx?cite=2.48.180
**Definitions—Unlawful practice a crime—Cause for discipline—Unprofessional conduct—Defense—Injunction—Remedies—Costs—Attorneys' fees—Time limit for action.**
(1) As used in this section:
(a) "Legal provider" means an active member in good standing of the state bar, and any other person authorized by the Washington state supreme court to engage in full or limited practice of law;
(b) "Nonlawyer" means a person to whom the Washington supreme court has granted a limited authorization to practice law but who practices law outside that authorization, and

a person who is not an active member in good standing of the state bar, including persons who are disbarred or suspended from membership;

(c) "Ownership interest" means the right to control the affairs of a business, or the right to share in the profits of a business, and includes a loan to the business when the interest on the loan is based upon the income of the business or the loan carries more than a commercially reasonable rate of interest.

(2) The following constitutes unlawful practice of law:

(a) A nonlawyer practices law, or holds himself or herself out as entitled to practice law;

(b) A legal provider holds an investment or ownership interest in a business primarily engaged in the practice of law, knowing that a nonlawyer holds an investment or ownership interest in the business;

(c) A nonlawyer knowingly holds an investment or ownership interest in a business primarily engaged in the practice of law;

(d) A legal provider works for a business that is primarily engaged in the practice of law, knowing that a nonlawyer holds an investment or ownership interest in the business; or

(e) A nonlawyer shares legal fees with a legal provider.

(3)(a) Unlawful practice of law is a crime. A single violation of this section is a gross misdemeanor.

(b) Each subsequent violation of this section, whether alleged in the same or in subsequent prosecutions, is a class C felony punishable according to chapter 9A.20 RCW.

(4) Nothing contained in this section affects the power of the courts to grant injunctive or other equitable relief or to punish as for contempt.

(5) Whenever a legal provider or a person licensed by the state in a business or profession is convicted, enjoined, or found liable for damages or a civil penalty or other equitable relief under this section, the plaintiff's attorney shall provide written notification of the judgment to the appropriate regulatory or disciplinary body or agency.

(6) A violation of this section is cause for discipline and constitutes unprofessional conduct that could result in any regulatory penalty provided by law, including refusal, revocation, or suspension of a business or professional license, or right or admission to practice. Conduct that constitutes a violation of this section is unprofessional conduct in violation of RCW 18.130.180.

(7) In a proceeding under this section it is a defense if proven by the defendant by a preponderance of the evidence that, at the time of the offense, the conduct alleged was authorized by the rules of professional conduct or the admission to practice rules, or Washington business and professions licensing statutes or rules.

(8) Independent of authority granted to the attorney general, the prosecuting attorney may petition the superior court for an injunction against a person who has violated this chapter. Remedies in an injunctive action brought by a prosecuting attorney are limited to an order enjoining, restraining, or preventing the doing of any act or practice that constitutes a violation of this chapter and imposing a civil penalty of up to five thousand dollars for each violation. The prevailing party in the action may, in the discretion of the court, recover its reasonable investigative costs and the costs of the action including a reasonable attorney's fee. The degree of proof required in an action brought under this subsection is a

In *State v. Hunt* ³- defendant appealed from "*convictions of 12 counts of unlawful practice of law, three counts of unlicensed operation as a collection agency.*" Defendants "*called himself a paralegal and operated a business called Strategic Services.*" Urve Maggitti has not made any claims to practice of law, clearly *State v. Hunt* inapplicable to the case at bar.

In *Seco v. Homestead Apartments* ⁴ - "*"Legal Representative" Pervenia "Pear" Brown initiated this case purporting to represent Plaintiff Angela Seco.*" Seco v. Homestead Apartments, 2:24-cv-01118-LK, at *1 (W.D. Wash. July 29, 2024). Urve Maggitti has not made any claims to practice of law, nor initiated any lawsuits on behalf of anyone, clearly *Seco v. Homestead Apartments* is inapplicable to the case at bar.

**Plaintiff has the right to assistance of counsel**

Even after King County/City of Seattle agents have erected monumental obstructions to Plaintiff's free access to the court, King County Defendant Keenan now seek to completely strip Plaintiff's access to the Court by covertly moving the Court to "strike" (Dkt 34 Pg 2) Plaintiff's emergency stay motion and motion for jurisdictional discovery because it was typed and filed into the docket on Plaintiff's behalf by Plaintiff's assistance of counsel⁵, Urve Maggitti.

**United States Supreme Court acknowledges an established historical fact**

In 1975 in *Faretta v. California*, United States Supreme Court acknowledges an

---

preponderance of the evidence. An action under this subsection must be brought within three years after the violation of this chapter occurred.
[ 2003 c 53 s 2; 2001 c 310 s 2. Prior: 1995 c 285 s 26; 1989 c 117 s 13; 1933 c 94 s 14; RRS s 138-14.]
³ *State v. Hunt*, 75 Wash. App. 795, 802, 880 P.2d 96 (1994)
⁴ *Seco v. Homestead Apartments*, 2024 WL 3566592, at *1 (W.D. Wash. July 29, 2024)
⁵ "The Judiciary Act; September 24, 1789, 1 Stat. 73. An Act to Establish the Judicial Courts of the United States." "APPROVED , September 24, 1789."
https://avalon.law.yale.edu/18th_century/judiciary_act.asp

established historical fact: "Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92, enacted by the First Congress and signed by President Washington one day before the Sixth Amendment *813 was proposed, provided that 'in all the courts of the United States, the parties may plead and manage their own **causes personally or by the assistance of such counsel . . ..**' The right is currently codified in 28 U.S.C. s 1654."[6]

*Judiciary Act of 1789, 1 Stat. 73, 92*

The Court quoted from Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92** which states as follows:

> "SEC. 35. And be it further enacted, **That in all courts** of the United States, the **parties may plead and manage their own causes personally or by assistance of such counsel or attorneys at law**"[7]

**Judiciary Act of 1789** was passed before ratification of the Sixth Amendment in the Bill of Rights in 1791. The drafters of the Sixth Amendment had deliberately removed the word *attorneys at law* from the Sixth Amendment, and substantially amended the language to read: *"right to have the Assistance of Counsel."*

### III. JURISDICTIONAL DISCOVERY

*Defendants Question Benshoof's Right to Assistance of Counsel*

King County Defendant Keenan makes following claim(s):

> "Benshoof has now filed an "emergency" request for a stay. Dkt. 30. While this new pleading purports to contain Benshoof's signature, it also purports to have been drafted and is signed by a person named Urve Maggitti, who does not appear to be a licensed attorney and apparently lives in Pennsylvania."

---

[6] Faretta v. California, 422 U.S. 806, 812–13, 95 S. Ct. 2525, 2530, 45 L. Ed. 2d 562 (1975)
[7] "The Judiciary Act; September 24, 1789, 1 Stat. 73. An Act to Establish the Judicial Courts of the United States." "APPROVED , September 24, 1789."
https://avalon.law.yale.edu/18th_century/judiciary_act.asp

> "....To the extent that the emergency request to stay has been prepared and filed by a person not authorized to practice law, it should be stricken....
> ....To the extent that the emergency request can be considered to have been prepared and filed by Benshoof himself, it should be denied for the reasons previously set forth in Judge Keenan's opposition to the previous motions to stay"

(See: Dkt.32)

***Defendants claim that Benshoof has failed to demonstrate a clear case of hardship***

King County Defendant Keenan make following claim(s):

> "As this Court is aware, many incarcerated individuals are able to litigate their claims in federal court. Benshoof alleges that he doesn't have access to "legal documents" but does not specify any document relevant to this action. Benshoof's motion indicates that the clerk's office has provided him with the proper forms to request issuance of a summons. This motion demonstrates that he is capable of creating documents and filing them with this Court. Benshoof is free to request issuance of a summons and request a waiver of service pursuant to FRCP 4(d). There is no basis to stay this lawsuit indefinitely."

(See: Dkt. 27, 29)

> "While the motion states that Benshoof has no access to a computer, the internet or email, Benshoof has since filed a notice of electronic registration with a new email address. Dkt. 31. Thus, it is unclear whether his previous assertion that he has no access to a computer, internet or email remains true. "

(See: Dkt.32)

**F.R.C.P. Rule 26(b)(1)**

"A trial court must manage the discovery process in a fashion that promotes "full disclosure of relevant information while protecting against harmful side effects." *Kramer v. J.I. Case Mfg. Co.,* 62 Wash.App. 544, 556, 815 P.2d 798 (1991)." <u>*Gillett v. Conner,* 132 Wash. App. 818, 822, 133 P.3d 960, 962 (2006)</u>

"CR 26(b)(1) provides a broad definition of relevancy. "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action."" *Gillett v. Conner*, 132 Wash. App. 818, 822, 133 P.3d 960, 962 (2006)

"The general scope of discovery is defined by Fed. Rule Civ. Proc. 26(b)(1) as follows:

"Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party ...." The key phrase in this definition—"relevant to the subject matter involved in the pending action"—has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. ..."

*In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020)

"Rule 26(b), the rule would give the prisoner a right to inquire into 'any matter, not privileged, which is relevant to the subject matter involved in the pending action,' whether admissible at trial or not. This rule has been generously construed to provide a great deal of latitude for discovery. See Hickman v. Taylor, supra, at 507, 67 S.Ct. 385; 2A Barron & Holtzoff, supra, s 646." *Harris v. Nelson*, 394 U.S. 286, 297, 89 S. Ct. 1082, 1089, 22 L. Ed. 2d 281 (1969)

**Due Process Right To Discovery**

Benshoof has due process right to discovery in the matter which is relevant to the subject matter involved in the pending action, in the two issues raised by Defendants:

1. Claim that Benshoof has no right to have his pleadings be filed by someone other than himself, when Benshoof is literally held incommunicado by the King County/City of Seattle agents.

2. Claim that it is unclear whether Benshoof assertions that he has no access to a pen, paper, envelopes, computer, internet or email and whether his legal mail is obstructed or not - are true.

"In the Ninth Circuit "'[a] district court is vested with broad discretion to permit or deny [jurisdictional] discovery.' Such discovery 'should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.[8]"" <u>Sherman v. Boone,</u> No. 5:14-cv-01064-PSG, at *4 (N.D. Cal. August 22, 2014)

"The Court has broad discretion to permit jurisdictional discovery, which "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." Butcher's Union Local No. 498 v. SDC Investment, Inc., 788 F.2d 535, 540 (9th Cir. 1986) (quotation omitted)." <u>ZTE (U.S.) Inc. v. Agis Software Dev. LLC</u>, No. 18-cv-06185-HSG, at *11 (N.D. Cal. September 12, 2019)

***Statements of counsel while enlightening to the Court are not sufficient***

"The defendants' motion to dismiss for failure to state a claim unsupported by affidavits or depositions is incomplete because it requests this Court to consider facts outside the record which have not been presented in the form required by Rules 12(b)(6) and 56(c). 2 Statements of counsel in their briefs or argument while enlightening to the Court are not

---

[8] <u>Lamb v. U.S. Dep't of the Interior,</u> 342 F.3d 1080, 1093 (9th Cir. 2003)

sufficient for purposes of granting a motion to dismiss or summary judgment." *Trinsey v. Pagliaro*, 229 F. Supp. 647

### *Benshoof's continued unlawful detention and incarceration*

Plaintiff Benshoof was unlawfully arrested by defendant City of Seattle on July 3, 2024. Benshoof continues to be unlawfully detained and is currently incarcerated and held in King County Correctional Facility – Seattle, since July 3, 2024, even after bail is paid in blatant violation of Eighth Amendment.

Malicious criminal prosecution and persecution has been brought against Plaintiff Benshoof in two courts simultaneously/concurrently:

    A) <u>MUNICIPAL COURT FOR THE CITY OF SEATTLE</u>
       CITY OF SEATTLE v. KURT BENSHOOF
       Case Nos: 676492, 676463, 676216, 676207, 676175, 675405, 671384, 6567

    B) <u>SUPERIOR COURT, KING COUNTY, WASHINGTON</u>
       STATE OF WASHINGTON v. KURT BENSHOOF
       CASE: 24-1-02680-7 SE

### *Burri Law PA v. Skurla[9] Supports Plaintiff's right to Jurisdictional Discovery*

Defendant Keenan quotes *Burri Law PA v. Skurla* in support to dismiss Plaintiff's jurisdictional discovery, yet the case directly supports Plaintiff's right to such hearing.

> "The district court granted the Defendants' motions to dismiss for lack of personal jurisdiction and denied Burri's motion for jurisdictional discovery. The court concluded that Defendants did not purposefully direct conduct at Arizona and that no set of facts could establish that Burri was likely to suffer harm in Arizona. We disagree. Where a defendant directs communications that are defamatory toward a forum state and seeks to interfere with a forum state contract, the defendant has purposefully directed conduct at the forum state, and

---

[9] *Burri Law PA v. Skurla* 35 F.4th 1207, 1217-18 (9th Cir. 2022)

the defendant knows or should know that such conduct is likely to cause harm in the forum state. The dismissal for lack of personal jurisdiction therefore rested on a legal error." *Burri Law PA v. Skurla*, 35 F.4th 1207, 1210 (9th Cir. 2022)

"Before discovery and in the absence of an evidentiary hearing, as here, the plaintiff need only make "a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (quoting *Doe v. Unocal*, 248 F.3d 915, 922 (9th Cir. 2001), *abrogated on other grounds by Williams v. Yamaha Motor Co.*, 851 F.3d 1015 (9th Cir. 2017) ). In determining whether the plaintiff has met that burden, a court must accept as true all uncontroverted allegations in the plaintiff's complaint and must resolve all disputed facts in favor of the plaintiff. *Id.*" *Burri Law PA v. Skurla*, 35 F.4th 1207, 1213 (9th Cir. 2022)

"A district court's dismissal for lack of personal jurisdiction is reviewed de novo. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). The jurisdictional inquiry must decouple defendants, considering whether each individual defendant has had sufficient "minimum contacts" with the forum state to justify an exercise of jurisdiction over that defendant. *See, e.g., Sher v. Johnson*, 911 F.2d 1357, 1365–66 (9th Cir. 1990). **Before discovery and in the absence of an evidentiary hearing, as here, the plaintiff need only make "a prima facie showing of jurisdictional facts to withstand the motion to dismiss."** *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (quoting *Doe v. Unocal*, 248 F.3d 915, 922 (9th Cir. 2001), *abrogated on other grounds by Williams v. Yamaha Motor Co.*, 851 F.3d 1015 (9th Cir. 2017) ). In determining whether the plaintiff has met that burden, a **court must accept as true all uncontroverted allegations in the plaintiff's complaint and must resolve all disputed facts in favor of the plaintiff.** *Id. Burri Law PA v. Skurla*, 35 F.4th 1207, 1213 (9th Cir. 2022)

"We therefore vacate the dismissal of Burri's claims against Skurla—and, by extension, the Eparchy of Pittsburgh—and **remand for the district court to complete the remainder of the jurisdictional inquiry.**" *Burri Law PA v. Skurla*, 35 F.4th 1207, 1213-14 (9th Cir. 2022)

## IV. CONFLICT OF INTEREST

*King County Defendant Represented by Prosecution Attorney's Office holding Benshoof illegally incarcerated*

Defendant Keenan is represented by ANN SUMMERS, WSBA #21509, Senior Deputy Prosecuting Attorney at the King County Prosecuting Attorney's Office. Same Prosecuting Attorney's Office which is:

- directly responsible for arresting Plaintiff Benshoof in unauthorized illegal arrest and detention in jail since July 3, 2024, incommunicado.

- directly responsible for continued illegal incarceration of Plaintiff Benshoof even after Plaintiff has paid and posted bail - in blatant violation of Plaintiff's constitutionally protected rights.

- directly responsible for obstructing Benshoof's right to *Franks* Hearing.

*Plaintiff Benshoof hereby incorporates by reference the facts set forth in the:*
"DEFENDANT'S NOTICE OF MOTION for "*FRANKS* HEARING" AND MOTION TO VOID WARRANT, SUPPRESS EVIDENCE, AND DISMISS CHARGES FOR LACK OF PROBABLE CAUSE" filed into KING COUNTY SUPERIOR COURT case No. 24-1-02680-7 SEA, search warrant executed by SPD: 24-0-62121-3 SEA, - as if set forth herein full, and all the attached exhibits, and all footnotes in this action, with the same force and effect as if herein set forth. [See attached as EXHIBIT A in Dkt. 33]

*Violation of BAR professional conduct 8.4 C*

ANN SUMMERS, WSBA #21509, is violating BAR professional conduct **Rule 8.4:**

**Misconduct:**

> " It is professional misconduct for a lawyer to:
> (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
> (d) engage in conduct that is prejudicial to the administration of justice;
> (e) state or imply an ability to influence improperly a government agency or official or to achieve results by means that violate the Rules of Professional Conduct or other law;

*Obstruction to enter evidence and testimony*

Defendant Keenan and ANN SUMMERS are engaged in violation of the United States code 18 US C section 1512 B[10] - because they are trying to prevent Plaintiff Benshoof from entering evidence and testimony into this case.

## V. KING COUNTY PROSECUTING ATTORNEY'S OFFICE TO MAKE ARRANGEMENTS FOR

*Benshoof transfer from jail for the scheduled Oral Hearing on F.R.C.P. Rule 26(b)(1)*

Plaintiff Benshoof is hereby moving the court to order the King County Prosecuting Attorney's Office to make immediate arrangement for the transportation for Plaintiff Benshoof from King County Correctional Facility to be personally present at the oral hearing under F.R.C.P. Rule 26(b)(1).

## VI. A STAY IS WARRANTED

In *Labrador v. Poe by & through Poe*, 144 S. Ct. 921, 922–23, 218 L. Ed. 2d 400 (2024) the SCOTUS explained that considering a stay, the Court must ask:

---

[10] 18 U.S. Code § 1512 -Tampering with a witness, victim, or an informant. https://www.law.cornell.edu/uscode/text/18/1512

(1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits,
(2) whether it will suffer irreparable injury without a stay,
(3) whether the stay will substantially injure other parties interested in the proceedings, and
(4) where the public interest lies.

(1) To any extent that Plaintiff has failed to make a strong showing that his claim is likely to succeed on the merits, pro se Plaintiff has not yet been able to request and send out summons. "[S]tripped of free access to the courts", Plaintiff has been forced to enlist the assistance of multiple individuals outside the jail, in order to access legal research, has to dictate filings to these individuals, and has to even enlist outside-jail assistance to be able to file documents into the Court docket. *Wimberly v. Rogers*, 557 F.2d 671, 673 (9th Cir. 1977)

(2) Without a stay pending King County/City of Seattle agents' cessation of obstructing Plaintiff's ability to effectively litigate this case, Plaintiff will suffer "irreparable injury" as Plaintiff will be denied his first amendment right to seek redress of his grievances. *Elrod v. Burns*, 427 U.S. 347, 373, 96 S. Ct. 2673, 2690, 49 L. Ed. 2d 547 (1976).

(3) As evidenced in King County Defendant Keenan's inability to articulate **why** a stay would be prejudicial in any manner, the stay will not substantially injure other parties interested in the proceedings; and

(4) There is a "public interest in Government observance of the Constitution and laws" - in this case, Plaintiff's right to seek redress of his grievances without King County/City of Seattle agent-obstruction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 576, 112 S. Ct. 2130, 2145, 119 L. Ed. 2d 351 (1992).

Defendant Keenan asserts that Plaintiff did not request summons to be issued to date: *"Benshoof has made no attempt to request a summons as required by LCR 4."*

<u>Answer</u>: Plaintiff's access to court has been and continues to be obstructed.

## CONCLUSION

For the reasons stated, Plaintiff respectfully moves the Court to grant Plaintiff's emergency stay motion, and schedule the Oral Hearing under F.R.C.P. Rule 26(b)(1) and issue an order to the King County Prosecuting Attorney's Office to arrange transportation for Plaintiff to be personally present at the Oral Hearing.

RESPECTFULLY SUBMITTED,

*[signature]*

Kurt Benshoof, Plaintiff *pro se*
1716 N 128th Street
Seattle, WA 98133
**King County Correctional Facility – Seattle**[11]
B/A 2024-008067, UCN# 10518097
500 Fifth Ave., Seattle, WA 98104

[no access to internet/email]

The foregoing statements of fact were typed up by the undersigned, upon Mr. Kurt Benshoof's request and to the best of the undersigned's understanding.[12]

Signature: _/URVE MAGGITTI/_ urve.maggitti@gmail.com    Date: November 19 2024

---

[11] Subject to change without notice, mail delivery [send/receive] not guaranteed.
[12] See *Faretta v. California* and Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92**

## AFFIDAVIT

The foregoing were typed up by the undersigned, upon Mr. Benshoof's request and to the best of the undersigned's understanding.[13]

Federal and State Constitutions require that criminal prosecutions conform to prevailing notions of fundamental fairness and that criminal defendants be given a meaningful opportunity to present a complete defense. *State v. Wittenbarger, 124 Wn.2d 467, 474–75, 880 P.2d 517 (1994)*.

Mr. Benshoof is being held incommunicado without access to pen, paper and envelopes. Appellant's legal mail is deliberately obstructed and unreasonably delayed. Mr. Benshoof has the first amendment right to access all court and to litigate/prosecute his case(s) without any obstruction by the state, the justice system nor the court's.

In 1975 in *Faretta v. California*, United States Supreme Court acknowledges an established historical fact: *"Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92, enacted by the First Congress and signed by President Washington one day before the Sixth Amendment \*813 was proposed, provided that 'in all the courts of the United States, the parties may plead and manage their own **causes personally or by the assistance of such counsel** . . ..' The right is currently codified in 28 U.S.C. s 1654."*[14]

The Court quoted from Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92** which states as follows:

> "SEC. 35. And be it further enacted, **That in all courts** of the United States, the **parties may plead and manage their own causes personally or by assistance of such counsel or attorneys at law**" [15]

**Judiciary Act of 1789** was passed before ratification of the Sixth Amendment in the Bill of Rights in 1791. The drafters of the Sixth Amendment had deliberately removed the word *attorneys at law* from the Sixth Amendment, and substantially amended the language to read: *"right to have the Assistance of Counsel."*

Signature: _/URVE MAGGITTI/_ urve.maggitti@gmail.com    Date: November 19, 2024

---

[13] See *Faretta v. California* and Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92
[14] *Faretta v. California, 422 U.S. 806, 812–13, 95 S. Ct. 2525, 2530, 45 L. Ed. 2d 562 (1975)*
[15] "The Judiciary Act; September 24, 1789, 1 Stat. 73. An Act to Establish the Judicial Courts of the United States." "APPROVED , September 24, 1789." https://avalon.law.yale.edu/18th_century/judiciary_act.asp

## ACKNOWLEDGMENT
## AFFIDAVIT
## (Verification)

STATE OF PENNSYLVANIA  )
COUNTY OF CHESTER     )

I, Urve Maggitti, the undersigned Affiant hereto, do hereby declare under penalties of perjury under the laws of the Commonwealth of Pennsylvania and the United States of America, that the foregoing accounting of facts are true and correct to the best of my current knowledge and belief.

I am over the age of 18 years of age, am a resident of the Commonwealth of Pennsylvania, have personal knowledge of the matters of this affidavit, and am capable of making such affidavit.

Pursuant to 28 U.S. Code § 1746 (1) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _November_ / _19_ /2024.

Signed: _____
Urve Maggitti

Notary as JURAT CERTIFICATE
State of Pennsylvania ___Philadelphia___
BEFORE ME personally appeared Urve Maggitti who, being by me first duly sworn, executed the foregoing in my presence and stated to me that the facts alleged therein are true and correct according to her own personal knowledge.

_____
Notary Public,
My commission expires: 04/20/28

Commonwealth of Pennsylvania - Notary Seal
Richard A. Martinez, Notary Public
Philadelphia County
My commission expires August 20, 2028
Commission number 1444107
Member, Pennsylvania Association of Notaries

Page 17 of 18

**CERTIFICATE OF SERVICE**

Plaintiff hereby certifies that the foregoing motion will be send to all counsel of record by email to the addresses listed below.

**ANN SUMMERS**, WSBA #21509
KING COUNTY PROSECUTING ATTORNEY'S OFFICE
701 FIFTH AVE
STE 600
SEATTLE, WA 98104
Phone: (206) 477-1120
Fax: (206)296-0191
Email: ann.summers@kingcounty.gov


**Howard Brown**, "next friend" and "assistance of counsel" to Mr. Kurt Benshoof under as per Judiciary Act of 1789, 1 Stat. 73, 92
1003 W. Michigan St. Hammond, LA 70401


**Kurt Benshoof**, Plaintiff *pro se*
1716 N 128th Street
Seattle, WA 98133
King County Correctional Facility – Seattle
B/A 2024-008067, UCN# 10518097
500 Fifth Ave., Seattle, WA 98104
South Eight, Lover Bravo
Email: kurtbenshoof1@gmail.com  [no access to internet/email]


**Urve Maggitti**, "next friend" and "assistance of counsel" [16] to Mr. Kurt Benshoof under as per Judiciary Act of 1789, 1 Stat. 73, 92.
**urve.maggitti@gmail.com**

---

[16] *Faretta v. California*, 422 U.S. 806, 812–13, 95 S. Ct. 2525, 2530, 45 L. Ed. 2d 562 (1975)
"The Judiciary Act; September 24, 1789, 1 Stat. 73. An Act to Establish the Judicial Courts of the United States." "APPROVED , September 24, 1789."
https://avalon.law.yale.edu/18th_century/judiciary_act.asp