Hon. Jamal Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KURT BENSHOOF,
        Plaintiff,

v.

DAVID S. KEENAN
        Defendants.

No.: 2:24-cv-00382-JNW

**MOTION TO STRIKE RESPONSE FILED BY ANN M. SUMMERS (Dkt. 35)**

Plaintiff moves to strike Decl. Ann Summers (Dkt. 35).

## I. BACKGROUND

In Dk. 35, Counsel Summers filed "DECLARATION OF ANN SUMMERS IN SUPPORT OF DEFENDANT KEENAN'S OPPOSITION TO MOTION FOR "JURISDICTIONAL DISCOVERY""

In this Declaration, Counsel Summers declared that she is *"an attorney and represent Defendant David S. Keenan in this case."*

In Decl. Summers (Dkt. 35), Counsel Summers also attached Exhibit A, copies of the signed Verdicts in Seattle Municipal Court Case Nos. 671384, 676175, 676207, 676216, 676463 and 67492; for such none of the parties in this case are parties to; nor

which Counsel Summers has any personal knowledge of.

In Decl. Summers (Dkt. 35), Counsel Summers also attached Exhibit B, copy of the First Amended Information filed in King County Superior Court on August 15, 2024, in No. 24-1-02680-7 SEA against Plaintiff by the State of Washington, and Exhibit C, copy of the Motion and Order for Continue in the same 24-1-02680-7 SEA criminal case. Here again, none of the parties in this case are party to 24-1-02680-7 SEA, nor does Counsel Summers have any personal knowledge of 24-1-02680-7 SEA.

In Decl. Summers (Dkt. 35), Counsel Summers falsely states that Benshoof has been *"appointed counsel."* Plaintiff has engaged a private attorney of his choice, in the criminal case 24-1-02680-7 SEA, and the fact whether Plaintiff has, or does not have, an attorney in his criminal case has zero relationship upon the instant case at bar.

## II.   ARGUMENT AND AUTHORITY

"Under Federal Rule of Civil Procedure 12(f), a party may ask the court to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). " 'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.... 'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), rev'd on other grounds by *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994)." *Greenwich Ins. Co. v. Rodgers*, 729 F. Supp. 2d 1158, 1162 (C.D. Cal. 2010)

A matter is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), rev'd on other grounds by 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).

Since the proceedings of 24-1-02680-7 SEA and Seattle Municipal Court Case Nos. 671384, 676175, 676207, 676216, 676463 and 67492 have no essential or important relationship to the claim for relief or the defenses being pleaded; nor do they pertain to the issues in question; the matters in the criminal cases cited in Decl. Summers are "immaterial" and "impertinent" *Fantasy, Inc. v. Fogerty* (9th Cir.1993).

As the criminal matters are immaterial and impertinent to this civil proceeding, Plaintiff and this Court should construe Decl. Summers (Dkt 35) as being presented for an improper purpose, such as to prejudice this Court, and to harass or needlessly increase the cost of litigation. FRCP 11(b)(1)

## CONCLUSION

For the reasons stated, Plaintiff respectfully moves the Court to grant Plaintiff's Motion to Strike Decl. Ann Summers (Dkt 35).

RESPECTFULLY SUBMITTED,

*[signature]*

Kurt Benshoof, Plaintiff *pro se*
1716 N 128th Street
Seattle, WA 98133
**King County Correctional Facility – Seattle**[1]
B/A 2024-008067, UCN# 10518097
500 Fifth Ave., Seattle, WA 98104

---

[1] Subject to change without notice, mail delivery [send/receive] not guaranteed.

Case 2:24-cv-00382-JNW    Document 37    Filed 11/19/24    Page 4 of 7

Email: kurtbenshoof1@gmail.com
[no access to internet/email]

The foregoing statements of fact were typed up by the undersigned, upon Mr. Kurt Benshoof's request and to the best of the undersigned's understanding.[2]

Signature: _____/s/ Urve Maggitti_____    Date: _November 19, 2024_

/URVE MAGGITTI / urve.maggitti@gmail.com

---

[2] See *Faretta v. California* and Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92**

Page 4 of 7

## AFFIDAVIT

The foregoing were typed up by the undersigned, upon Mr. Benshoof's request and to the best of the undersigned's understanding.[3]

Federal and State Constitutions require that criminal prosecutions conform to prevailing notions of fundamental fairness and that criminal defendants be given a meaningful opportunity to present a complete defense. *State v. Wittenbarger, 124 Wn.2d 467, 474–75, 880 P.2d 517 (1994)*.

Mr. Benshoof is being held incommunicado without access to pen, paper and envelopes. Appellant's legal mail is deliberately obstructed and unreasonably delayed. Mr. Benshoof has the first amendment right to access all court and to litigate/prosecute his case(s) without any obstruction by the state, the justice system nor the court's.

In 1975 in *Faretta v. California*, United States Supreme Court acknowledges an established historical fact: *"Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92, enacted by the First Congress and signed by President Washington one day before the Sixth Amendment \*813 was proposed, provided that 'in all the courts of the United States, the parties may plead and manage their own **causes personally or by the assistance of such counsel** . . ..' The right is currently codified in 28 U.S.C. s 1654."*[4]

The Court quoted from Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92** which states as follows:

> "SEC. 35. And be it further enacted, **That in all courts** of the United States, the **parties may plead and manage their own causes <u>personally</u> or <u>by assistance of such counsel or attorneys at law</u>**"[5]

**Judiciary Act of 1789** was passed before ratification of the Sixth Amendment in the Bill of Rights in 1791. The drafters of the Sixth Amendment had deliberately removed the word ***attorneys at law*** from the Sixth Amendment, and substantially amended the language to read: ***"right to have the Assistance of Counsel."***

Signature: /URVE MAGGITTI/ urve.maggitti@gmail.com  Date: November 19, 2024

---

[3] See *Faretta v. California* and Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92
[4] *Faretta v. California*, 422 U.S. 806, 812–13, 95 S. Ct. 2525, 2530, 45 L. Ed. 2d 562 (1975)
[5] "The Judiciary Act; September 24, 1789, 1 Stat. 73. An Act to Establish the Judicial Courts of the United States." "APPROVED , September 24, 1789." https://avalon.law.yale.edu/18th_century/judiciary_act.asp

## ACKNOWLEDGMENT
## AFFIDAVIT
### (Verification)

STATE OF PENNSYLVANIA )
COUNTY OF CHESTER )

I, Urve Maggitti, the undersigned Affiant hereto, do hereby declare under penalties of perjury under the laws of the Commonwealth of Pennsylvania and the United States of America, that the foregoing accounting of facts are true and correct to the best of my current knowledge and belief.

I am over the age of 18 years of age, am a resident of the Commonwealth of Pennsylvania, have personal knowledge of the matters of this affidavit, and am capable of making such affidavit.

Pursuant to 28 U.S. Code § 1746 (1) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 19 /2024.

Signed: _____
Urve Maggitti

Notary as JURAT CERTIFICATE
State of Pennsylvania ___Philadelphia___
BEFORE ME personally appeared Urve Maggitti who, being by me first duly sworn, executed the foregoing in my presence and stated to me that the facts alleged therein are true and correct according to her own personal knowledge.

_____
Notary Public,
My commission expires: 08/20/28

Commonwealth of Pennsylvania - Notary Seal
Richard A. Martinez, Notary Public
Philadelphia County
My commission expires August 20, 2028
Commission number 1444107
Member, Pennsylvania Association of Notaries

Page 6 of 7

# CERTIFICATE OF SERVICE

Plaintiff hereby certifies that the foregoing motion will be send to all counsel of record by email to the addresses listed below.

**ANN SUMMERS,** WSBA #21509
KING COUNTY PROSECUTING ATTORNEY'S OFFICE
701 FIFTH AVE
STE 600
SEATTLE, WA 98104
Phone: (206) 477-1120
Fax: (206)296-0191
Email: ann.summers@kingcounty.gov


**Howard Brown,** "next friend" and "assistance of counsel" to Mr. Kurt Benshoof under as per Judiciary Act of 1789, 1 Stat. 73, 92
1003 W. Michigan St.  Hammond, LA 70401


**Kurt Benshoof,** Plaintiff *pro se*
1716 N 128th Street
Seattle, WA 98133
King County Correctional Facility – Seattle
B/A 2024-008067, UCN# 10518097
500 Fifth Ave., Seattle, WA 98104
South Eight, Lover Bravo
Email: kurtbenshoof1@gmail.com  [no access to internet/email]


**Urve Maggitti,** "next friend" and "assistance of counsel" [6] to Mr. Kurt Benshoof under as per Judiciary Act of 1789, 1 Stat. 73, 92.
**urve.maggitti@gmail.com**

---

[6] *Faretta v. California,* 422 U.S. 806, 812–13, 95 S. Ct. 2525, 2530, 45 L. Ed. 2d 562 (1975)
"The Judiciary Act; September 24, 1789, 1 Stat. 73. An Act to Establish the Judicial Courts of the United States." "APPROVED , September 24, 1789."
https://avalon.law.yale.edu/18th_century/judiciary_act.asp