1
2
3
4
5

The Honorable Jamal N. Whitehead

6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8    KURT A. BENSHOOF,                    )
                                          )    No. 2:24-cv-00382-JNW
9                        Plaintiff,       )
                                          )    DEFENDANT'S MOTION TO
10    v.                                  )    DISMISS PURSUANT TO FED. R.
                                          )    CIV. P. 12b(5) and (6)
11    DAVID S. KEENAN,                    )
                                          )
                         Defendant.       )    *Noted for December 23, 2024*
12    _____)

13                      **I.    INTRODUCTION**

14        Defendant, King County Superior Court Judge David Keenan, moves this Court for an

15    order of dismissal pursuant to Fed. R. Civ. P. 12(b)(5) and (6). Plaintiff has not effected service

16    on Judge Keenan. Moreover, Judge Keenan is entitled to both sovereign immunity under the

17    Eleventh Amendment and judicial immunity. Because amendment would be futile in light of

18    immunity, this case should be dismissed with prejudice.

19                   **II.    STATEMENT OF FACTS**

20        A.  Procedural Facts

21        Plaintiff Benshoof filed this lawsuit on March 15, 2024 and requested in forma pauperis

22    status. Dkt. 1. Magistrate Judge Michelle Peterson recommended that Benshoof be denied informa

23    pauperis status based on his refusal to provide sufficient information about his ability to pay the

DEFENDANT'S MOTION TO DISMISS PURSUANT
TO FED. R. CIV. P. 12b(5) and (6)
[No. 3:24-cv-00382-JNW] - 1

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

filing fee. Dkt. 14 at 3. Benshoof moved to disqualify this Court, questioning Judge Whitehead's impartiality and accusing this Court of conspiring against him. Dkt. 16. As this Court noted in the order denying that motion to disqualify, Benshoof had filed similar motions in other cases. Dkt. 18. Chief Judge Estudillo affirmed this Court's denial of the motion to disqualify. Dkt. 21. This Court granted Benshoof's request for in forma pauperis status and accepted the complaint for filing on July 30, 2024. Dkts. 19, 20. Benshoof has not requested issuance of a summons pursuant to Fed. R. Civ. P. 4(b).

B. Facts Alleged in the Complaint

The complaint in this matter makes clear that the actions on which the complaint are based are actions taken by Judge Keenan in his role as a King County Superior Court judge.[1] Dkt. 1-1, at 1 (alleging defendant showed "flagrant disregard for First Amendment" "[a]s a King County Superior Court judge"). Plaintiff alleges that he communicated "questions and concerns" about proceedings before Judge Keenan on Judge Keenan's Twitter and Facebook accounts. *Id.* at 2. Benshoof alleges that Judge Keenan blocked him from those accounts after Benshoof made posts that "were critical of Defendant's judicial misconduct." *Id.* at 4-5.

Benshoof's single cause of action is a 42 U.S.C. § 1983 claim based on an alleged violation of the First Amendment. *Id.* at 5. Benshoof seeks damages and declaratory relief that Judge

---

[1]Benshoof's animus toward Judge Keenan arises from a parentage action over which Judge Keenan presided. *Benshoof v. Cliber*, 2024 WL 3936917 (Wash. App. Aug. 26, 2024), details the abusive litigation Benshoof conducted in the King County Superior Court, which ultimately led to a vexatious litigant order that temporarily restricts his abusive litigation against the defendants in that case, including in any superior courts in the state of Washington. *Id.* That order was affirmed on appeal, with the appellate court concluding that the trial court's finding that Benshoof "engaged in an extensive pattern of abusive litigation and weaponization of the court system" was "amply supported by the record." *Id.* at *5.

DEFENDANT'S MOTION TO DISMISS PURSUANT
TO FED. R. CIV. P. 12b(5) and (6)
[No. 3:24-cv-00382-JNW] - 2

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

1  Keenan's actions violated the First Amendment. *Id.* at 7-8. Benshoof does not seek prospective
2  relief. *Id.*

### III.   ISSUES PRESENTED

4  1.      Should this lawsuit be dismissed based on improper service? **Yes.**

5  2.      Is this lawsuit barred by the Eleventh Amendment? **Yes.**

6  3.      Is the claim for damages barred by judicial immunity? **Yes.**

7  4.      Would amendment be futile? **Yes.**

### IV.   AUTHORITY

#### A.  FED. R. CIV. P. 12(B) STANDARDS.

Under Rule 12(b)(5), courts may dismiss a claim based on insufficient service of process. Fed. R. Civ. P. 12(b)(5). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Without personal service in accordance with Rule 4, the district court lacks jurisdiction to render a personal judgment against a defendant. *Hutchinson v. United States*, 677 F.2d 1322, 1328 (9th Cir. 1982).

A Rule 12(b)(6) motion to dismiss should be granted if the claimant fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). Dismissal under Rule 12(b)(6) is appropriate where there is a lack of a cognizable legal theory to support a plaintiff's claim for relief, including where a prayer for relief is barred as a matter of law. See *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984)).

DEFENDANT'S MOTION TO DISMISS PURSUANT
TO FED. R. CIV. P. 12b(5) and (6)
[No. 3:24-cv-00382-JNW] - 3

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

## B. THIS LAWSUIT SHOULD BE DISMISSED DUE TO INSUFFICIENT SERVICE OF PROCESS.

Fed. R. Civ. P. 4 requires plaintiffs to serve defendants with a summons and copy of the complaint and sets forth the specific requirements for doing so. Rule 4(m) provides the timeframe in which service must be made and states in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." *S.E.C. v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007).

If the plaintiff does not timely serve a defendant, Rule 4(m) requires the court to grant an extension of time for service if the plaintiff shows good cause, and permits the court to grant an extension in the absence of good cause. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). A district court also has discretion to "quash service." *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). If the plaintiff does not show good cause for failing to comply with Rule 4(m), the court should either dismiss the complaint or grant a specific extension of time for service. "At a minimum, 'good cause' means excusable neglect." *See Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). The court's discretion to choose between dismissal and an extension of time under Rule 4(m) is broad. *Efaw*, 473 F.3d at 1041.

Plaintiff was required to serve the summons and complaint on Judge Keenan by October 30, 2024. *See* Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 6(a)(1); Dkt. 20. That date has passed without Plaintiff requesting issuance of a summons.

DEFENDANT'S MOTION TO DISMISS PURSUANT
TO FED. R. CIV. P. 12b(5) and (6)
[No. 3:24-cv-00382-JNW] - 4

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

Plaintiff's refusal to request issuance of a summons in this case is part of a pattern of obstinate refusal to follow court rules, not excusable neglect. Such refusal does not constitute good cause. His recent incarceration does not excuse his refusal to request a summons, as his numerous filings demonstrate his ability to communicate with the Court while incarcerated. Benshoof's claim that he cannot serve Judge Keenan because he is without access to his address is specious, given that Judge Keenan is represented by counsel and issuance of the summons does not require Judge Keenan's home address where Benshoof could request a waiver of service from counsel. However, as in other cases, Benshoof prefers to harass judges, police officers and public officials by improperly serving them at their homes in lieu of requesting a waiver of service. *See Benshoof v. Admon, et al.,* 2:23-cv-1392-JNW, Dkt. 162, 163; *Benshoof v. Shoreline, et al.*, 2:24-cv-343-TL, Dkt. 30.

Benshoof's disdain for the authority of courts is further illustrated by his recent conviction for 80 counts of violating a court order in Seattle Municipal Court. Dkt. 35, Ex. A.

Benshoof has a pattern of harassing judges who have presided over his cases by filing frivolous lawsuits, naming them as defendants. *See Benshoof v. Fauci, et al.*, 2:22-cv-1281-LK, Dkt. 1, 7 (naming Seattle Municipal Court Judges Anita Crawford-Willis, Willie Gregory and Mary Lynch, and King County Superior Court Judges Jim Rogers, Sean O'Donnell, and David Keenan as defendants; dismissed for lack of subject matter jurisdiction and failure to state a claim); *Benshoof v. Keenan*, 2:23-cv-751-RAJ, Dkt. 1-2, 22 (naming Judge Keenan as defendant dismissed for lack of jurisdiction); *Benshoof v. Admon, et al.,* 2:23-cv-1392-JNW, Dkt. 9, 245 (naming Seattle Municipal Court Judges Anita Crawford-Willis, Willie Gregory and Mary Lynch, King Superior Court Judges Marshall Ferguson, David Keenan, Steven Rosen and Sandra Widlan, Washington Supreme Court Justice Steven Gonzalez, and Western District of Washington Judges

DEFENDANT'S MOTION TO DISMISS PURSUANT
TO FED. R. CIV. P. 12b(5) and (6)
[No. 3:24-cv-00382-JNW] - 5

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

David Estudillo, Ricardo Martinez and Richard Jones as defendants; dismissed for failure to state

a claim and on immunity bases); *Benshoof v. Ferguson, et al.,* 2:24-cv-808-JHC, Dkt. 1 (naming

King County Superior Court Judge Marshall Ferguson and this Court as defendants; dismissed on

immunity bases). The fact that Benshoof has a demonstrated history of abusing the court system

should factor into this Court's exercise of discretion, and this case should be dismissed.

### C. JUDGE KEENAN HAS SOVEREIGN IMMUNITY UNDER THE ELEVENTH AMENDMENT.

A federal court generally may not hear a suit brought by any person against a

nonconsenting state. *Munoz v. Superior Court of Los Angeles County*, 91 F.4th 977, 980 (9th Cir.

2024). The prohibition applies when an arm of the state is a defendant. *Id.* The superior courts of

states have sovereign immunity as an arm of the state. *Id.* As the Ninth Circuit explained in *Greater*

*L.A Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987):

> The official name of the court is the Superior Court of the State of California; its
> geographical location within any particular county cannot change the fact that the court
> derives its power from the State and is ultimately regulated by the State. Judges are
> appointed by California's governor, and their salaries are established and paid by the State.

The same is true for the King County Superior Court. *See State ex rel. Edelstein v. Foley*, 6

Wash.2d 444, 107 P.2d 901 (Wash. 1940) (holding that superior court judges are state officers for

purposes of the state constitution because vacancies are filled by the governor, salaries are paid in

part by the state, and based on the character and extent of their jurisdiction); Wash. Const. Art. 4,

§ 13 (providing that one-half of the salary of superior court judges is paid by the state); RCW

43.03.012 (establishing the statewide salary for superior court judges).

For purposes of the Eleventh Amendment, the superior court is a state agency. *Munoz*, 91

F.4th at 980. A suit against the superior court is a suit against the state and is barred by the Eleventh

Amendment. *Id.* Likewise, suits against superior court judges are suits against the state and barred

by the Eleventh Amendment. *Id.*

DEFENDANT'S MOTION TO DISMISS PURSUANT
TO FED. R. CIV. P. 12b(5) and (6)
[No. 3:24-cv-00382-JNW] - 6

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

In *Munoz*, former and current pretrial detainees brought a § 1983 action against the county superior court and the superior court judge, alleging that the judge's bail decisions violated various constitutional provisions. *Id.* at 979. The Ninth Circuit affirmed the district court's dismissal of the lawsuit as to both the superior court and the judge based on Eleventh Amendment immunity. *Id.* at 981 (stating the "Eleventh Amendment immunity is a threshold jurisdictional issue, and we have no power to resolve claims brought against state courts or state court judges acting in a judicial capacity.") The same principle applies to this case. This lawsuit against Judge Keenan is a suit against the state and is barred by the Eleventh Amendment.

Finally, the *Ex parte Young*, 209 U.S. 123 (1908), exception to sovereign immunity has no application because Benshoof has not sought prospective relief. *Koala v. Kholsa*, 931 F.3d 887, 895 (9th Cir. 2019) (a suit against a state officer can only proceed under *Ex parte Young* if it seeks prospective injunctive relief against a state official). Even if he did, an injunction against a state court judge "would be a violation of the whole scheme of our Government." *Whole Women's Health v. Jackson*, 595 U.S. 30, 39 (2021). In fact, 42 U.S.C. § 1983 expressly prohibits "injunctive relief" "against a judicial officer for an act or omission taken in such officer's judicial capacity." *See also Munoz,* 91 F.4th at 981.

### D.  JUDGE KEENAN HAS JUDICIAL IMMUNITY FROM DAMAGES CLAIMS.

Even if this suit were not barred by the Eleventh Amendment, Judge Keenan would still be entitled to judicial immunity against any claim for damages. Judges are generally immune from suit for money damages. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001). The Ninth Circuit has identified the following factors as relevant to determine whether a suit is based on judicial acts that are entitled to absolute judicial immunity:

(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and

DEFENDANT'S MOTION TO DISMISS PURSUANT
TO FED. R. CIV. P. 12b(5) and (6)
[No. 3:24-cv-00382-JNW] - 7

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

(4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.

*Id.* Judicial immunity is not limited to official judicial rulings. *Lund v. Cowen*, 5 F.4th 964, 971 (9th Cir. 2021). "Subjecting judges to liability for the grievances of litigants 'would destroy that independence without which no judiciary can be either respectable or useful.'" *Id.* (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)).

In this case, Benshoof alleges that Judge Keenan blocked him from making comments on social media that pertained to Benshoof's family court matter, which Judge Keenan presided over in King County Superior Court No. 21-5-00680-6 SEA. Dkt. 1, at 3. Benshoof attempted to submit "questions and concerns" about those proceedings and Judge Keenan's conduct to Judge Keenan via social media. *Id.,* at 3-4. Judge Keenan blocked Benshoof from these ex parte contacts. *Id.*

In regard to the first *Duvall* factor, preventing ex parte communications is a normal judicial function. *See* Washington State Code of Judicial Conduct Rule 2.9A ("A judge shall not initiate, permit or consider ex parte communications"). As to the second factor, the events did not occur at a physical location but occurred on social media accounts through which, as alleged, Judge Keenan communicates with the public about his activities as a superior court judge. As to the third factor, Benshoof alleges that his comments centered around King County Superior Court No. 21-5-00680-6 SEA. Dkt. 1, at 3. As to the fourth factor, Benshoof alleges that the ex parte "questions and comments" blocked by Judge Keenan arose directly from Judge Keenan's acts in his official capacity presiding over that case. *Id.* All of these factors weigh in favor of concluding that Judge Keenan is entitled to judicial immunity.

### E.  AMENDMENT WOULD BE FUTILE.

The decision whether to grant leave to amend is within the sound discretion of the trial court. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008). Leave to amend

DEFENDANT'S MOTION TO DISMISS PURSUANT
TO FED. R. CIV. P. 12b(5) and (6)
[No. 3:24-cv-00382-JNW] - 8

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

1    may be denied if amendment would be futile. *Id.* Given Judge Keenan's immunity under both the

2    Eleventh Amendment and the common law judicial immunity doctrine, amendment would be

3    futile.

4    ## V.  CONCLUSION

5        This case should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(5) and (6).

6        *I certify that this Memorandum contains 2,528 words in compliance with Local Civil*

7    *Rules.*

8        DATED this 25th day of November, 2024.

9                                LEESA MANION (she/her)
                                King County Prosecuting Attorney
10

11                              By: _____
                                ANN SUMMERS, WSBA #21509
12                              Senior Deputy Prosecuting Attorney
                                Attorney for Defendant Keenan
13                              701 5th Avenue, Suite 600
                                Seattle, WA 98104
14                              Phone: (206) 477-1120/Fax: (206) 296-0191
                                ann.summers@kingcounty.gov
15

16

17                  ## CERTIFICATE OF FILING AND SERVICE

18        I hereby certify that on November 25, 2024, I electronically filed the foregoing document

19    with the Clerk of the Court using the CM/ECF E-filing system which will send automatic

20    notification to the following:

21                                Kurt A. Benshoof
22                                1716 N 128th Street
                                Shoreline, WA 98133
23                                kurtbenshoof@gmail.com
                                *Pro Se Plaintiff*

DEFENDANT'S MOTION TO DISMISS PURSUANT
TO FED. R. CIV. P. 12b(5) and (6)
[No. 3:24-cv-00382-JNW] - 9

Leesa Manion (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191

1

2          I also hereby certify that on November 26, 2024, I sent courtesy copy of the same via US

3   Postal Service to the following:

4                                Kurt A. Benshoof
                                 B/A 2024-008067
5                          King County Correctional Facility
                                  500 Fifth Ave.
6                               Seattle, WA 98104

7          I declare under penalty of perjury under the laws of the United States of America and the

8   State of Washington that the foregoing is true and correct.

9          DATED this 25th day of November, 2024.

10

11                                     _____
                                       RAFAEL A. MUNOZ-CINTRON
12                                     Paralegal I – Litigation Section
                                       King County Prosecuting Attorney's Office
13

14

15

16

17

18

19

20

21

22

23

DEFENDANT'S MOTION TO DISMISS PURSUANT
TO FED. R. CIV. P. 12b(5) and (6)
[No. 3:24-cv-00382-JNW] - 10

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120  Fax (206) 296-0191