## Docket Number: 25-786

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

KURT A. BENSHOOF,                           District Court **No. 2:24-cv-00382-JNW**
     *Plaintiffs,*

v.

DAVID S. KEENAN,
     *Defendants*

## EMERGENCY MOTION TO STAY APPEAL DUE TO APPELLANT'S INABILITY TO RESPOND

### INTRODUCTION

Appellant/Plaintiff Kurt Benshoof respectfully submits this Emergency Motion to Stay the Appeal, citing an inability to respond due to incarceration conditions that prevent access to legal resources.

### STATEMENT OF FACTS

Appellant Benshoof is currently incarcerated at the King County Correctional Facility in Seattle.

A wrongful and unjust criminal prosecution was initiated against Appellant Benshoof in two courts simultaneously, violating his constitutional rights, including, but not limited to, protections against double jeopardy.[1]

On February 24, 2025, Benshoof was sentenced and taken into immediate custody before the completion of his sentencing hearing. He was placed in maximum security on Floor 11 and held in solitary confinement without access to legal resources, including writing materials, a

---

[1] A) MUNICIPAL COURT FOR THE CITY OF SEATTLE CITY OF SEATTLE v. KURT BENSHOOF   Case Nos: 676492, 676463, 676216, 676207, 676175, 675405, 671384, 656748. B) SUPERIOR COURT, KING COUNTY, WASHINGTON STATE OF WASHINGTON v. KURT BENSHOOF   CASE: 24-1-02680-7 SEA

computer/tablet, internet. Additionally, he has been unable to communicate with his attorney, Robert E. Barnes.

## **LEGAL ARGUMENT**

### *A.   A Pro Se Litigant's Pleadings Must Be Liberally Construed*

A pro se litigant's pleadings must be liberally construed, and strict compliance with procedural formalities should not be required (Haines v. Kerner, 404 U.S. 519, 520 (1972)). To hold a pro se plaintiff to strict compliance "would be inequitable" as courts would punish a pro se plaintiff "for lacking the linguistic and analytical skills of a trained lawyer." Perez v. United States, 312 F.3d 191, 194–95 (5th Cir. 2002). To avoid such a result, "courts have adopted the rule that a pro se plaintiff's pleadings are liberally construed." Id. Even though pleadings by a pro se litigant are held to a less stringent standard, courts must be able to draw the reasonable inference from the pleadings that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

### *B. Denial of Access to Courts Violates Constitutional Rights*

The Petition Clause of the First Amendment guarantees "the right of the people... to petition the Government for a redress of grievances." U.S. CONST. amend. I. The Supreme Court has affirmed that this right includes meaningful access to the courts (Marbury v. Madison, 5 U.S. 137, 147 (1803)).

When an individual petitions a court, the grievance she asserts is legal injury, and the redress she seeks is individualized rights-vindication.

> "Logic demands that there be a link between the stated purpose and the command. .... That requirement of logical connection may cause a prefatory clause to resolve an ambiguity in the operative clause." *District of Columbia v. Heller, 554 U.S. 570, 577 (2008).*

The precise words the Framers selected to express the goal of subclause - "*for a redress of grievances*" - connotes the purpose of ensuring individualized redress, rather than participatory interests, and logic demands a link between this purpose and the scope of the command. Thus, the right to petition the courts logically entails a right to a remedy.

Fundamental principle of constitutional interpretation — the presumption against superfluity:

"All constitutional provisions have equal dignity, and each subsection, sentence, and clause of a constitution must be read in light of the others to form a congruous whole so as not to render any language superfluous. The presumption and legal intendment is that every clause in a written constitution has been inserted for some useful purpose, and courts should avoid a construction which would render any portion of the constitution meaningless, idle, inoperative, needless, or nugatory."[2]

Chief Justice John Marshall emphasized the individual's right to obtain — and the courts' corresponding duty to provide — meaningful judicial redress for a meritorious legal grievance. In *Marbury v. Madison* 5 U.S. 137 (1803). Marshall declared it "*a settled and invariable principle, that every right, when withheld, must have a remedy, and every injury its proper redress.*" Id. at 147 (citing 3 WILLIAM BLACKSTONE, COMMENTARIES *109).

He "*who considers himself injured, has a right to resort to the laws of his country for a remedy.*" Id. at 166. Marshall characterized "*the right of every* [injured] *individual to claim the protection of the laws*" as "[t]*he very essence of civil liberty*" and affording such protection among "t*he first duties of government.*" Id. "[I]*f the laws furnish no remedy for the violation of a vested legal right,*" Marshall warned, the United States government "*will certainly cease to deserve* [the] *high appellation*" of being "*emphatically termed a government of laws, and not of men.*" *Id.*

First Amendment right to a remedy — the "*right [*of an individual] *to resort to the laws of his country for a remedy*" Id. at 166, through "*the respectful form of a petition*" Id. at 163— for a redress of a legal grievance — the "*proper redress*" for a legal injury. Id. at 147.

Here, Appellant is completely deprived of his ability to participate in this appeal, violating his fundamental rights under the First, Seventh, and Fourteenth Amendments. The conditions of his incarceration effectively obstruct his ability to file pleadings and motions, constituting an irreparable harm.

---

[2] 16 C.J.S. Constitutional Law § 99 (2016). The Court has repeatedly affirmed this principle. See Dep't of Revenue v. Ass'n of Wash. Stevedoring Cos., 435 U.S. 734, 759 (1978); Rhode Island v. Palmer, 253 U.S. 350, 407 (1920) (Clarke, J., dissenting); Knowlton v. Moore, 178 U.S. 41, 87 (1900); see also Marbury v. Madison, 5 U.S. 137, 174 (1803) ("It cannot be presumed that any clause in the constitution is intended to be without effect; and therefore such a construction is inadmissible, unless the words require it."). This principle of constitutional interpretation goes by different names: alternatively styled a principle, rule, or canon against or anti superfluity, superfluities, surplusage or superfluousness. See, e.g., Kenneth A. Klukowski, Severability Doctrine: How Much of a Statute Should Federal Courts Invalidate?, 16 TEX. REV. L. & POL. 1, 13 n.44 (2011) (citing cases using alternative formulations).

> "All constitutional provisions have equal dignity, and each subsection, sentence, and clause of a constitution must be read in light of the others to form a congruous whole so as not to render any language superfluous. The presumption and legal intendment is that every clause in a written constitution has been inserted for some useful purpose, and courts should avoid a construction which would render any portion of the constitution meaningless, idle, inoperative, needless, or nugatory."[2]

Chief Justice John Marshall emphasized the individual's right to obtain — and the courts' corresponding duty to provide — meaningful judicial redress for a meritorious legal grievance. In *Marbury v. Madison* 5 U.S. 137 (1803). Marshall declared it "*a settled and invariable principle, that every right, when withheld, must have a remedy, and every injury its proper redress.*" Id. at 147 (citing 3 WILLIAM BLACKSTONE, COMMENTARIES *109).

He "*who considers himself injured, has a right to resort to the laws of his country for a remedy.*" Id. at 166. Marshall characterized "*the right of every* [injured] *individual to claim the protection of the laws*" as "[t]*he very essence of civil liberty*" and affording such protection among "*the first duties of government.*" Id. "[I]*f the laws furnish no remedy for the violation of a vested legal right,*" Marshall warned, the United States government "*will certainly cease to deserve* [the] *high appellation*" of being "*emphatically termed a government of laws, and not of men.*" *Id.*

First Amendment right to a remedy — the "*right [*of an individual] *to resort to the laws of his country for a remedy*" Id. at 166, through "*the respectful form of a petition*" Id. at 163— for a redress of a legal grievance — the "*proper redress*" for a legal injury. Id. at 147.

Here, Appellant is completely deprived of his ability to participate in this appeal, violating his fundamental rights under the First, Seventh, and Fourteenth Amendments. The conditions of his incarceration effectively obstruct his ability to file pleadings and motions, constituting an irreparable harm.

---

[2] 16 C.J.S. Constitutional Law § 99 (2016). The Court has repeatedly affirmed this principle. See Dep't of Revenue v. Ass'n of Wash. Stevedoring Cos., 435 U.S. 734, 759 (1978); Rhode Island v. Palmer, 253 U.S. 350, 407 (1920) (Clarke, J., dissenting); Knowlton v. Moore, 178 U.S. 41, 87 (1900); see also Marbury v. Madison, 5 U.S. 137, 174 (1803) ("It cannot be presumed that any clause in the constitution is intended to be without effect; and therefore such a construction is inadmissible, unless the words require it."). This principle of constitutional interpretation goes by different names: alternatively styled a principle, rule, or canon against or anti superfluity, superfluities, surplusage or superfluousness. See, e.g., Kenneth A. Klukowski, Severability Doctrine: How Much of a Statute Should Federal Courts Invalidate?, 16 TEX. REV. L. & POL. 1, 13 n.44 (2011) (citing cases using alternative formulations).

### C. A Stay is Necessary to Preserve Appellant's Rights

Appellant requests an immediate stay of proceedings until he is granted access to legal materials, communication, and the ability to respond. Courts have a duty to ensure that every individual has a meaningful opportunity to seek legal redress (Marbury, 5 U.S. at 166). Proceeding with this appeal under current conditions would render Appellant's right to a remedy illusory.

### D. Payment of Docketing Fee

Due to being held incommunicado, Appellant has been unable to submit the required docketing fee of $605.00. This fee is hereby submitted with this emergency motion.

### **RELIEF REQUESTED**

For the foregoing reasons, Appellant respectfully requests that this Court:

Issue an immediate stay of all proceedings in this appeal until Appellant is afforded meaningful access to legal resources and communication.

Acknowledge that failure to stay the appeal would violate Appellant's constitutional rights.

Grant any other relief the Court deems just and proper.

RESPECTFULLY SUBMITTED,

Kurt Benshoof, Plaintiff *pro se*
*22701 42nd Place West, Mountlake Terrace, WA 98043*
**King County Correctional Facility – Seattle[3]**
B/A 2024-008067, UCN# 10518097
500 Fifth Ave., Seattle, WA 98104
kurtbenshoof@gmail.com; kurtbenshoof1@gmail.com

The foregoing statements of fact were typed up by the undersigned, upon Mr. Kurt Benshoof's request and to the best of the undersigned's understanding.[4]

Signature: _____    Date: March 18, 2025
/URVE MAGGITTI /    urve.maggitti@gmail.com

---

[3] Subject to change without notice, mail delivery [send/receive] not guaranteed.
[4] See *Faretta v. California* and Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92**

## AFFIDAVIT

The foregoing were typed up by the undersigned, upon Mr. Benshoof's request and to the best of the undersigned's understanding.[5]

In 1975 in *Faretta v. California*, United States Supreme Court acknowledges an established historical fact: *"Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92, enacted by the First Congress and signed by President Washington one day before the Sixth Amendment \*813 was proposed, provided that 'in all the courts of the United States, the parties may plead and manage their own **causes personally or by the assistance of such counsel** . . ..' The right is currently codified in 28 U.S.C. s 1654."*[6]

The Court quoted from Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92** which states as follows:

"SEC. 35. And be it further enacted, **That in all courts** of the United States, **the parties may plead and manage their own causes <u>personally</u> <u>or by assistance of such counsel or attorneys at law</u>**"[7]

**Judiciary Act of 1789** was passed before ratification of the Sixth Amendment in the Bill of Rights in 1791. The drafters of the Sixth Amendment had deliberately removed the word *attorneys  at law* from the Sixth Amendment, and substantially amended the language to read: **"*right to have  the Assistance of Counsel.*"**

Signature: _____   Date: __March 18, 2025__
                    /URVE MAGGITTI   urve.maggitti@gmail.com

---

[5] See *Faretta v. California* and Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92**
[6] Faretta v. California, 422 U.S. 806, 812–13, 95 S. Ct. 2525, 2530, 45 L. Ed. 2d 562 (1975)
[7] "The Judiciary Act; September 24, 1789, 1 Stat. 73. An Act to Establish the Judicial Courts of the United States." "APPROVED , September 24, 1789."
https://avalon.law.yale.edu/18th_century/judiciary_act.asp

**ACKNOWLEDGMENT**
**AFFIDAVIT**
**(Verification)**

STATE OF PENNSYLVANIA  )
COUNTY OF CHESTER    )

   I, Urve Maggitti, the undersigned Affiant hereto, do hereby declare under penalties of perjury under the laws of the Commonwealth of Pennsylvania and the United States of America, that the foregoing accounting of facts are true and correct to the best of my current knowledge and belief.

   I am over the age of 18 years of age, am a resident of the Commonwealth of Pennsylvania, have personal knowledge of the matters of this affidavit, and am capable of making such affidavit.

                  Pursuant to 28 U.S. Code § 1746 (1) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on    _March_           / 18    /2025

Signed:_____
            Urve Maggitti

Notary as JURAT CERTIFICATE

State of Washington_____
BEFORE ME personally appeared Urve Maggitti who, being by me first duly sworn, executed the foregoing in my presence and stated to me that the facts alleged therein are true and correct according to her own personal knowledge.

_____
Notary Public,
My commission expires: Oc - 25 -2028

ABNER GUERRERO
NOTARY PUBLIC
STATE OF WASHINGTON
LICENSE NUMBER 24021151
MY COMMISSION EXPIRES
06/25/2028

Page 6

## CERTIFICATE OF SERVICE

Urve Maggitti hereby certifies that the foregoing motion will be send to all counsel of record, and by email to the addresses listed below.

Attorney for Defendnat David S. Keenan:

**Santiago Viola Villanueva**
KING COUNTY
PROSECUTING ATTORNEY'S
OFFICE (FIFTH AVE)
701 FIFTH AVE
STE 600
SEATTLE, WA 98104
206-263-4008
Fax: 206-296-0191
Email:
sviolavillanueva@kingcounty.gov
*ATTORNEY TO BE NOTICED*

ER 188 510 975 US

**UNITED STATES POSTAL SERVICE**

# CUSTOMER'S RECEIPT

SEE BACK OF THIS RECEIPT
FOR IMPORTANT CLAIM
INFORMATION

**NOT
NEGOTIABLE**

Serial Number

29591612392

Pay to OFFICE OF CLERK, US Court of Appeals for North Circuit

Address P.O. BOX 193939 San Francisco CA 9411-3939

Doc.No. 25-786, Dist. court No. 2:24-cv-00382-JNW
BENSHOOF v. KEENAN

KEEP THIS
RECEIPT FOR
YOUR RECORDS

Year, Month, Day
2025-03-20

Post Office
981091

Amount
$605.00

Clerk
91

---

**UNITED STATES POSTAL SERVICE.**

QUEEN ANNE
415 1ST AVE N
SEATTLE WA 98109-4503
(800)275-8777

03/20/2025                                        01:21 PM

| Product | Qty | Unit Price | Price |
|---|---|---|---|

PM Express                          1                      $31.40
Flat Rate Env
San Francisco, CA 94119
Flat Rate
Signature Waiver
Scheduled Delivery Date
     Fri 03/21/2025 06:00 PM
Money Back Guarantee
Tracking #:
     ER1885109750S
Insurance                                         $0.00
     Up to $100.00 included

Total                                            $31.40

Grand Total:                                     $31.40

Credit Card Remit                                $31.40
     Card Name: AMEX
     Account #: XXXXXXXXXX1009
     Approval #: 876816
     Transaction #: 331
     AID: A000000025010801
     AL: AMERICAN EXPRESS          Chip
     PIN: Not Required

In a hurry? Self-service kiosks offer
quick and easy check-out. Any Retail
Associate can show you how.

Save this receipt as evidence of
insurance. For information on filing an