UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KURT BENSHOOF, | CASE NO. 2:24-cv-382 |
| Plaintiff, | ORDER |
| v. | |
| DAVID S. KEENAN, | |
| Defendant. | |

This matter comes before the Court on pro se Plaintiff Kurt Benshoof's "motion for an order to provide record at public expense." Dkt. No. 52.

This Court previously granted Benshoof in forma pauperis (IFP) status. Dkt. No. 19. The Court dismissed Benshoof's case, he appealed, and the Ninth Circuit dismissed the appeal for failure to file an opening brief. Dkt. No. 50. Benshoof moved to reinstate his appeal, and on September 17, 2025, the Ninth Circuit said in an order that it would consider Benshoof's motion to reinstate so long as he submitted his opening brief within 21 days. The Ninth Circuit also told Benshoof that "[a]ny request to receive district court documents must be directed to the district court." Dkt. No. 51.

ORDER - 1

Benshoof filed this motion on October 2, seeking "a complete and certified copy of the [district] court record at public expense" to prepare his appeal. Dkt. No. 52 at 1–2.

Ninth Circuit Rule of Appellate Procedure 30-1.7 provides:

> In cases involving appeals by prisoners not represented by counsel, the clerk of the district court shall, within 21 days from the receipt of the prisoner's written request, forward to the prisoner copies of the documents comprising the Excerpts of Record so that the prisoner can prepare the briefs on appeal. If the prisoner was granted leave to proceed in forma pauperis at the district court or on appeal, the copies will be produced at no charge to the prisoner.

Circuit Rule 30-1.7.

Benshoof is proceeding pro se and IFP. He is indigent and incarcerated, satisfying Circuit Rule 30-1.7's requirements. Benshoof is thus entitled to a copy of the district court record of this case at public expense. But he is *not* entitled to a "certified copy," as requested, because the Rule does not require certification, and Benshoof cites no legal authority requiring certified copies for pro se prisoner appeals.

While the practical utility of this order may be limited given that Benshoof has missed the Ninth Circuit's deadline for filing his opening brief, Benshoof made this request while conditional reinstatement was possible, and the Court finds that providing the record serves the purpose of Circuit Rule 30-1.7. The Court reminds Benshoof that the Ninth Circuit retains *sole discretion* about whether to reinstate his appeal.

ORDER - 2

Accordingly, the Court DIRECTS the Clerk of Court to provide Benshoof with a complete copy of the record, marked as "LEGAL MAIL," at no charge.

Dated this 25th day of November, 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 3